IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEARL FLOWERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 12-1121-SLR |
| ) | |
| PHILLIP MORGAN, Warden, ) | |
| and JOSEPH R. BIDEN, III, ) | |
| Attorney General of the State ) | |
| of Delaware, ) | |
| ) | |
| Respondents. ) | |

Gearl Flowers. Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

April 15, 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Petitioner Gearl Flowers ("petitioner') is a Delaware inmate in custody at the Howard R. Young Correctional Institution in Wilmington, Delaware. Presently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I. 1), and the State's motion to dismiss the application without prejudice for failure to exhaust state remedies. For the reasons that follow, the court concludes that petitioner has presented a mixed application containing both exhausted and unexhausted claims. However, the court will withhold a decision on the State's motion to dismiss until petitioner informs the court if he wishes to withdraw the unexhausted claims and proceed only with the exhausted claims, or if he wishes to have the entire application dismissed without prejudice in order to provide him with an opportunity to exhaust state remedies and proceed with all exhausted claims at a later date.

## II. PROCEDURAL BACKGROUND

In January 2011, a Superior Court jury found petitioner guilty of third degree burglary and theft. (D.I. 12) In January 2012, the Superior Court sentenced petitioner to an aggregate of four years at Level V incarceration, suspended after two and one-half years for a period of probation. *Id.* The Delaware Supreme Court affirmed petitioner's convictions on September 12, 2012. *Flowers v. State*, 53 A.3d 301 (Table), 2012 WL 3865134, at ¶ 3 (Del. Sept. 5, 2012).

Petitioner filed the instant federal habeas application on September 12, 2012. (D.I. 1) The State has filed motion to dismiss asking the court to dismiss the application

without prejudice because it contains both exhausted and unexhausted claims. (D.I. 12)

## III. GOVERNING LEGAL PRINCIPLES

A district court can entertain a state prisoner's application for federal habeas relief only on the ground that his custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Absent exceptional circumstances, a federal court cannot review a habeas application on the merits unless the petitioner has exhausted his remedies under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-46 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by fairly presenting his claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a manner that permits those courts to consider the claim on its merits. O'Sullivan, 526 U.S. at 844-45; See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Generally, a federal court will dismiss without prejudice a habeas application consisting entirely of unexhausted claims in order to give a petitioner an opportunity to present the unexhausted claims to the state courts. Lines v. Larkins, 208 F.3d 153, 159-60 (3d Cir. 2000).

Sometimes a petitioner will present a federal district court with a mixed application, which is an application containing both exhausted and unexhausted habeas claims. See generally Rose v. Lundy, 455 U.S. 509 (1982). As a general rule, when a petitioner presents a district court with a mixed application, and the operation of the federal limitations period will not clearly foreclose a future collateral attack, the district court must dismiss the entire application without prejudice to permit exhaustion of state

2

remedies for the unexhausted claims. See *Rhines v. Weber*, 544 U.S. 269 (2005); *Pliler v. Ford*, 542 U.S. 225 (2004); *Rose*, 455 U.S. at 510, 522; *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). However, in *Urcinoli v. Cathel*, 546 F.3d 269, 275-77, 277 n.9 (3d Cir. 2008), the Third Circuit explained that, prior to dismissing a mixed application, it would be "good practice" for a district court to provide the petitioner with a choice of three procedural options for proceeding with his mixed application. The three alternatives include: (1) dismissal of the application without prejudice in order to enable the petitioner to return to state court to exhaust state remedies; (2) deletion of the unexhausted claims from the application so that the habeas proceeding would continue with only the remaining exhausted claims; and (3) in limited circumstances, staying the mixed application and holding the case in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. *Id.* at *3. The language in the *Urcinoli* decision suggests that a district court should inform a petitioner of these options before deciding to dismiss the application without prejudice even when the operation of the AEDPA one-year period will not clearly foreclose a future collateral attack. *Id.* at *6 n.9.

## III. DISCUSSION

Petitioner's application asserts four grounds for relief: (1) he was deprived of a fair trial because he was not afforded peremptory challenges as guaranteed by Delaware law; (2) defense counsel rendered ineffective assistance by failing to exercise any peremptory challenges; (3) the Delaware Superior Court judge presiding over

3

petitioner's case was biased against him; and (4) he was improperly denied his right to appellate counsel.

The State asserts that petitioner has exhausted state remedies for claims one and three, because he presented these claims to the Delaware Supreme Court on direct appeal. In addition, the State explains that, while petitioner has not exhausted state remedies for claims two and four, he is presently in the process of exhausting state remedies for these claims via a properly filed Rule 61 motion for post-conviction relief that was filed in the Superior Court in August 2011. The record supports all of the State's contentions and, as of the date of this opinion, it appears that the Rule 61 motion is still pending before the Superior Court.

Based on the foregoing, the court concludes that petitioner has filed a mixed application containing both exhausted and unexhausted claims. *Rhines*, 544 U.S. at 273-79. In addition, because petitioner's properly filed Rule 61 motion was filed before his judgment of conviction became final and is still pending before the Superior Court, the federal limitations period has not even started to run.[1] The significance of this fact is that the federal habeas limitations period will not clearly foreclose petitioner from bringing a future federal habeas proceeding.

---

[1]Petitioner's "properly filed" Rule 61 motion will "statutorily toll" the federal habeas limitations period until it is no longer pending before the Delaware state courts. The court concludes that the Rule 61 motion is properly filed for statutory tolling purposes because: (1) the State concedes that the Rule 61 motion was properly filed for statutory tolling purposes (D.I. 12 at 4-5); (2) the Rule 61 motion was timely filed because it was actually filed prior to the Delaware Supreme Court's decision on direct appeal; (3) on September 24, 2012, the Superior Court ordered petitioner's trial counsel fo file a Rule 61 affidavit in response to petitioner's allegations; and (4) the Superior Court also ordered the State to file a legal memorandum in response to the motion.

In these circumstances, the court must consider the three options for proceeding with the instant application as set forth by Third Circuit precedent. As for the stay-and-abey option, the court notes that petitioner has not offered any reason for his failure exhaust state remedies for claims two and four prior to filing the instant application. In the absence of any reason, the court can discern no good cause for his failure to exhaust. Additionally, petitioner has not demonstrated that his failure to exhaust was not an intentional act of delay. Thus, although the court has discretion to stay the application and hold it in abeyance while petitioner exhausts his claims, the court concludes that a stay is not warranted in this case. *Id.* at 277-78 (holding that a stay is warranted if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.").

Having determined that the stay-and-abey procedure is not warranted, the court will provide petitioner with an opportunity to choose between the remaining two options for proceeding with the application. The first option is for petitioner to delete from his application the unexhausted claims and proceed with his exhausted claims. However, petitioner should understand that choosing this course of action will most likely preclude him from obtaining federal habeas review of the deleted claims at any future point in time. *See* 28 U.S.C. § 2244.

The second option available to petitioner is for the court to dismiss the entire application without prejudice in order to enable him to re-file the entire application once the Delaware State Courts have completed their post-conviction review of his pending Rule 61 motion. If petitioner chooses this course of action, he should pay attention to

5

the one-year statute of limitations period applicable to federal habeas application so as to avoid any future re-filing of his application from being time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d).

## IV. CONCLUSION

For the foregoing reasons, the court concludes that the instant application contains both exhausted and unexhausted claims. Because the stay-and-abey procedure is not warranted in this case, petitioner shall inform the court as to whether he wishes to: (1) delete the unexhausted claims (claims two and four) from the application and proceed only with the exhausted claims (claims one and three); or (2) have the entire application dismissed without prejudice so that he can re-file all four claims in a new application once he has exhausted state remedies.

An appropriate order will be entered.