## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEARL FLOWERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 12-1121-SLR |
| | ) |
| PHILLIP MORGAN, Warden, | ) |
| and JOSEPH R. BIDEN, III, | ) |
| Attorney General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents. | ) |

_____

Gearl Flowers. Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

_____

**MEMORANDUM OPINION**

May *H* , 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Petitioner Gearl Flowers ("petitioner') is a Delaware inmate in custody at the Howard R. Young Correctional Institution in Wilmington, Delaware. Presently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I. 1), and the State's motion to dismiss the application without prejudice for failure to exhaust state remedies. (D.I. 12) For the following reasons, the court will grant the State's motion and dismiss the application without prejudice to enable petitioner to exhaust state remedies.

## II. BACKGROUND

In a memorandum opinion and order dated April 15, 2013, the court concluded that petitioner's application contains both exhausted and unexhausted claims. (D.I. 14; D.I. 15) Petitioner was provided with an opportunity to inform the court if he wishes to withdraw the unexhausted claims and proceed only with the exhausted claims, or if he wishes to have the entire application dismissed without prejudice so that he can exhaust state remedies and proceed with all exhausted claims at a later date. (D.I. 15) Petitioner filed a response stating that he wants the court to "execute the motion as it stands" because he has exhausted state remedies. (D.I. 16) The court ordered the State to provide a status report on petitioner's post-conviction proceeding. (D.I. 17) According to the State's status report, the Superior Court denied petitioner's Rule 61 motion on April 24, 2013 and placed such order on its docket on April 25, 2013. (D.I. 19) As of May 15, 2013, petitioner has not filed a notice of appeal from the Superior Court's order. *Id.*

## III. GOVERNING LEGAL PRINCIPLES

Absent exceptional circumstances, a federal court cannot review a habeas application on the merits unless the petitioner has exhausted his remedies under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-46 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by fairly presenting his claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a manner that permits those courts to consider the claim on its merits. *O'Sullivan*, 526 U.S. at 844-45; *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Generally, a federal court will dismiss without prejudice a habeas application consisting entirely of unexhausted claims in order to give a petitioner an opportunity to present the unexhausted claims to the state courts. *Lines v. Larkins*, 208 F.3d 153, 159-60 (3d Cir. 2000).

Sometimes a petitioner will present a federal district court with an application containing both exhausted and unexhausted habeas claims. *See generally Rose v. Lundy*, 455 U.S. 509 (1982). As a general rule, when a petitioner presents a district court with a mixed application, and the operation of the federal limitations period will not clearly foreclose a future collateral attack, the district court must dismiss the entire application without prejudice to permit exhaustion of state remedies for the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269 (2005); *Pliler v. Ford*, 542 U.S. 225 (2004); *Rose*, 455 U.S. at 510, 522; *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). However, the Third Circuit has opined that a court should not dismiss a mixed application without first providing the petitioner an opportunity to delete the

2

unexhausted claims so that the habeas proceeding can continue with only the

remaining claims. *See Urcinoli v. Cathel*, 546 F.3d 269, 274-77, n.9 (3d Cir. 2008).

## IV. DISCUSSION

As explained by the State, petitioner has until May 28, 2013 to file a notice of

appeal from the Superior Court's order denying his Rule 61 motion. (D.I. 19 at 2)

Thus, contrary to petitioner's assertion, he has not exhausted state remedies for all of

the claims in his application.

The court has already provided petitioner with an opportunity to delete his

unexhausted claims, and he has opted not to do so. Given these circumstances, the

court will grant the State's motion to dismiss without prejudice petitioner's mixed

application.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court

must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2

(2011). A certificate of appealability is appropriate when a petitioner makes a

"substantial showing of the denial of a constitutional right" by demonstrating "that

reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484.

If a federal court denies a habeas application on procedural grounds without

reaching the underlying constitutional claims, the court is not required to issue a

certificate of appealability unless the petitioner demonstrates that jurists of reason

would find it debatable: (1) whether the application states a valid claim of the denial of a

3

constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*
"Where a plain procedural bar is present and the district court is correct to invoke it to
dispose of the case, a reasonable jurist could not conclude either that the district court
erred in dismissing the petition or that the petitioner should be allowed to proceed
further." *Slack*, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254 contains both exhausted and unexhausted claims, and
that petitioner still has an opportunity to satisfy the exhaustion requirement.
Reasonable jurists would not find this conclusion to be debatable. Consequently, the
court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the foregoing reasons, the court concludes that the instant application must
be dismissed without prejudice because it contains both exhausted and unexhausted
claims. An appropriate order will be entered.